UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIMMY LEYTHAM,<br><br>                 Petitioner,<br><br>   v.<br><br>CHAD PAGE,<br><br>                 Respondent. | Case No. 1:16-cv-00437-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Jimmy Leytham ("Petitioner" or "Leytham"), challenging his state court convictions of forgery and criminal possession of a financial transaction card. (Dkt. 8.) Respondent has filed a Motion for Partial Summary Dismissal, seeking dismissal of Claims 1, 3, and 4. (Dkt. 24.) The Motion is now ripe for adjudication.[1]

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 19.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 18.) Having carefully reviewed the record, including

---

[1] Petitioner has filed additional, unauthorized briefs and other documents with respect to the Motion for Partial Summary Dismissal. Nonetheless, the Court has reviewed and considered all of these filings, along with the entire record.

**MEMORANDUM DECISION AND ORDER - 1**

the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing Claims 1, 3, and 4 with prejudice.

## BACKGROUND

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner was charged with three counts of forgery (the forgery case). In a separate case, Petitioner was charged with one count of grand theft by acquiring lost property and one count of criminal possession of a financial transaction card, or "FTC" (the FTC case). The parties negotiated a plea agreement covering both cases, pursuant to which Petitioner pleaded guilty to one count of forgery and one count of criminal possession of an FTC. In return for the guilty pleas, the prosecution dismissed the remaining charges in both cases. Petitioner received a unified sentence of ten years in prison with five years fixed in the forgery case, and a consecutive indeterminate sentence of five years in prison in the FTC case. (State's Lodging A-1 at 40-41, 58-67, 76-79; A-2 at 316-17, 334-43, 351-54.)

Petitioner did not appeal his convictions, but he did appeal—in both cases—the trial court's denial of his motions for reduction of sentence under Idaho Criminal Rule 35. (State's Lodging A-1 at 273-80; A-2 at 549-56.) The appeals were consolidated, and the Idaho Court of Appeals affirmed. (State's Lodging B-1; B-5.) After allowing Petitioner to file an untimely petition for review, the Idaho Supreme Court denied that petition. (State's Lodging B-7 through B-10.)

Petitioner next filed a petition for state post-conviction relief with respect to his conviction in the forgery case; he did not file a post-conviction petition with respect to

**MEMORANDUM DECISION AND ORDER - 2**

his conviction in the FTC case. (*See* State's Lodging C-1 at 22-26 (Verified Petition for Post-conviction Relief)[2]; *see also* Dkt. 27 at 5-10.) The trial court summarily dismissed the petition. (State's Lodging C-1 at 117-44 (Order Granting Summary Dismissal.)

On appeal from the dismissal of his post-conviction petition, Petitioner raised two claims: (1) the state district court should have granted Petitioner's motion for discovery in the post-conviction case, and (2) trial counsel did not adequately advise Petitioner "with regard to the entry of his guilty plea, specifically regarding his sentence." (State's Lodging D-1 at 10.) Petitioner's opening brief, filed through counsel, expressly disclaimed any argument that his guilty plea was involuntary:

> Mr. Leytham acknowledges that his petition does not raise a claim that his plea was involuntary; rather issues concerning the entry of plea were raised in the context of a claim of ineffective assistance of counsel for failing to adequately advise him of the consequences of the plea.

(*Id*. at 13 n.2.) But Petitioner's appellate counsel was incorrect in stating that Petitioner's post-conviction petition did not assert a claim that his plea was involuntary. As the state district court acknowledged, Petitioner raised the involuntary-plea claim by alleging that "his medications impaired his ability to enter an informed guilty plea." (State's Lodging C-1 at 127 (Order Granting Summary Dismissal), 141 ("[W]hile not explicitly argued, Leytham suggests that his plea was involuntary") (Order Granting Summary Dismissal; *see also id*. at 78 (Second and Final Affidavit of Jimmy Leytham, alleging that he "was

---

[2] Respondent did not ensure that the pages of State's Lodging C-1 were sequential, making citation difficult. Thus, the Court cites to the page number identified in the PDF file of that Lodging, followed by the title of the document cited.

**MEMORANDUM DECISION AND ORDER - 3**

taking numerous medications at the time of [his] change of plea" and that those medications "impacted [his] ability to understand the proceedings").)

The Idaho Court of Appeals affirmed. With respect to the only federal claim Petitioner raised on appeal—that counsel rendered ineffective assistance by failing to properly advise him in connection with his guilty plea, particularly with respect to the sentence he could receive—the court stated that Petitioner had failed to show "that he was not capable of understanding the plea agreement," finding that Petitioner's allegations about being "misinformed by his counsel are clearly disproven by the record." (State's Lodging D-4 at 7-8.)

This appears to be a holding both (1) that counsel did not give Petitioner inaccurate advice regarding the potential sentence and thus did not perform deficiently, and (2) even if counsel had done so, any such advice did not prejudice Petitioner because Petitioner would not "have insisted on going to trial." In other words, Petitioner still would have pleaded guilty notwithstanding counsel's advice, because Petitioner was accurately advised of the potential sentence at the hearing yet went forward with the guilty plea anyway. (*Id*. at 5.) In so holding, the court of appeals, like the state district court, also rejected the claim that Petitioner's guilty plea was involuntary—a claim that Petitioner's counsel had specifically disclaimed in the opening appellate briefing. The court of appeals likely framed its analysis in this manner because it recognized that, contrary to his post-conviction appellate counsel's statement in the opening brief, Petitioner had, in fact, raised an involuntary-plea claim in his state post-conviction petition. Petitioner sought review in the Idaho Supreme Court, relying on the same

**MEMORANDUM DECISION AND ORDER - 4**

briefing previously filed in the case; the supreme court denied review. (State's Lodging D-5; D-6.)

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

> **Claim 1:** Counsel was ineffective in failing to conduct an investigation....
>
> **Claim 2:** Counsel was ineffective for failing to adequately investigate the case and explain trial strategy to Petitioner. Counsel assured Petitioner that he would receive only probation by pleading guilty; this assurance resulted in an involuntary guilty plea.
>
> **Claim 3:** There was a breakdown in communications between counsel and Petitioner. Counsel's failure to communicate with Petitioner did not subject the prosecution's case to a meaningful adversarial testing process.
>
> **Claim 4:** Counsel knew Petitioner's medical condition and would not obtain Petitioner's medical records or talk to his doctor. Petitioner was on 18 different medications and had 800 pages of medical records documenting his conditions.

(Dkt. 15 at 2-3 (internal citations omitted).)

## DISCUSSION

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent Petitioner raised them in the state courts "in a procedurally proper manner or that he can show cause and prejudice or a miscarriage of justice to excuse the default of any of the claims." (Dkt. 15 at 3.)

Respondent now argues that Claims 1, 3, and 4 are subject to dismissal as procedurally defaulted. For the following reasons, the Court agrees.

**MEMORANDUM DECISION AND ORDER - 5**

1.  **Standard of Law Governing Summary Dismissal**

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2.  **Claims 1, 3, and 4 Are Procedurally Defaulted, and Petitioner Has Not Established Cause and Prejudice, or Actual Innocence, to Excuse the Default**

    *A.  Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

**MEMORANDUM DECISION AND ORDER - 6**

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### B. *Claims 1, 3, and 4 Are Procedurally Defaulted*

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings. On appeal

**MEMORANDUM DECISION AND ORDER - 7**

from the denial of Petitioner's Rule 35 motions, Petitioner challenged only the length of his sentences. (State's Lodging B-2.) He does not bring any such claim in the Amended Petition.[3] Thus, Petitioner's consolidated Rule 35 appeals did not serve to fairly present any of his federal habeas claims to the Idaho appellate courts.

Petitioner raised Claims 1, 3, and 4 in his post-conviction petition challenging his conviction in the forgery case. (*See* State's Lodging C-1 at 23-24 (Verified Petition for Post-conviction Relief), 33-36 (First Affidavit of Petitioner), 77-79 (Second and Final Affidavit of Jimmy Leytham), 127 (Order Granting Summary Dismissal, court's description of claims).) However, he did not raise any of these claims *on appeal* from the dismissal of that petition. Instead, Petitioner argued only that (1) the state district court erred, under Idaho state law, by denying Petitioner's motion for discovery, and (2) trial counsel was ineffective by failing to correctly advise Petitioner with respect to his guilty plea, particularly the potential sentence, which resulted in an involuntary guilty plea. (State's Lodging D-1.)

The latter argument is presented as Claim 2 of the Amended Petition. The Idaho Court of Appeals rejected Claim 2 on the merits. Therefore, it is not procedurally defaulted as it relates to the forgery case. Because Petitioner's state post-conviction petition challenged only his conviction in the forgery case, however, Claim 2 *is* procedurally defaulted as it relates to the FTC case.

---

[3] Even if the Petition did include such a claim, it would not be cognizable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law.").

**MEMORANDUM DECISION AND ORDER - 8**

Therefore, Claims 1, 3, and 4 are procedurally defaulted, as is Claim 2 with respect to the FTC case. However, that conclusion does not end the inquiry. If a petitioner's claim is procedurally defaulted, a federal district court still can hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court.[4] *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

### C.     Cause and Prejudice

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally

---

[4] Neither an assertion of cause and prejudice nor an assertion of actual innocence under *Schlup* is an independent constitutional claim. Rather, these are procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

**MEMORANDUM DECISION AND ORDER - 9**

defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

**MEMORANDUM DECISION AND ORDER - 10**

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. *Martinez* does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*).

The Supreme Court has described and clarified the *Martinez* cause-and-prejudice test as consisting of four necessary prongs: (1) the underlying IATC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been brought; and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

Petitioner contends that, on appeal from the dismissal of his post-conviction petition, appellate counsel assured Petitioner that the briefing would include all of Petitioner's post-conviction claims, but then failed to argue Claims 1, 3, and 4 as

**MEMORANDUM DECISION AND ORDER - 11**

promised. (*See* Dkt. 30 at 1-2; Dkt. 41 at 1-2.) However, Petitioner's cause-and-prejudice argument fails the third prong of *Martinez* because Claims 1, 3, and 4 were not defaulted in the initial post-conviction proceeding—the post-conviction proceeding in the state district court. As recognized by that court, Petitioner raised all three of these claims in his post-conviction petition. The default occurred *on appeal* from the dismissal of that petition, when Petitioner's counsel omitted these claims from the appellate briefing. Because the *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding, a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, [or] petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16.

For two reasons, Petitioner's reliance on the Ninth Circuit's decision in *Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013), *abrogated by Davila*, 137 S. Ct. at 2063, is misplaced. (*See* Dkt. 33.) First, that case did not, as Petitioner contends, hold that ineffective assistance of *post-conviction appellate counsel* could excuse the default of a habeas claim—such a holding would have been contrary to *Martinez* itself. Rather, *Nguyen* determined that the *Martinez* exception could be used to excuse the default of an underlying claim of ineffective assistance of *direct appeal counsel*. Second, the Ninth Circuit's decision in *Nguyen* was abrogated, meaning invalidated or essentially overruled, by the United States Supreme Court in *Davila*, 137 S. Ct. at 2063, where the Court held that *Martinez v. Ryan* could not be used to excuse the default of an underlying direct-appeal-ineffectiveness claim.

**MEMORANDUM DECISION AND ORDER - 12**

In sum, Petitioner has not established cause and prejudice to excuse the procedural default of Claims 1, 3, and 4.

D. *Actual Innocence*

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit. This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

**MEMORANDUM DECISION AND ORDER - 13**

Petitioner has not submitted any new, reliable evidence that he is actually innocent. Thus, he has not shown a legal excuse for the procedural default of Claims 1, 3, and 4.

**3.    Conclusion**

For the foregoing reasons, Claims 1, 3, and 4 will be dismissed as procedurally defaulted.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for New Evidence of Old Court Records (Dkt. 37), construed as a motion to augment his briefing on the Motion for Partial Summary Dismissal, is GRANTED to the extent that the Court has considered all of Petitioner's filings in this case.

2. Respondent's Motion for Partial Summary Dismissal (Dkt. 24) is GRANTED. Claims 1, 3, and 4 are DISMISSED with prejudice, as is Claim 2 to the extent that claim challenges Petitioner's conviction in the FTC case.

3. Petitioner's "Motion After Talking to Justic [sic] Curtis Appealant [sic] Attorney" (Dkt. 41), construed as a motion for the application of the *Martinez* exception, is DENIED.

4. Respondent must file an answer to the remaining claim—Claim 2, to the extent that claim applies to Petitioner's forgery conviction—within 60 days after entry of this Order. Petitioner must file a reply (formerly called a

traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

DATED: February 25, 2019

/s/ Candy W. Dale

Honorable Candy W. Dale
United States Magistrate Judge